IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,027-01




EX PARTE JAMIE LYNN BABBS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 28570-A IN THE THIRD DISTRICT COURT
FROM ANDERSON COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
of a child, prohibited sexual conduct, and indecency with a child. He was sentenced to imprisonment
for twenty, ten, and fifteen years, respectively. The Twelfth Court of Appeals affirmed his
convictions. Babbs v. State, No. 12-08-00023-CR (Tex. App.—Tyler 2009, no pet.).
            Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he advised Applicant that the punishment range was 2 to 10 years, failed to timely convey
a six-year plea offer, and advised Applicant that he would be sentenced to not more than six years.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claims. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether trial counsel’s
conduct was deficient and, if so, Applicant was prejudiced. If the trial court determines that
counsel’s advice to Applicant was deficient, the trial court shall also determine whether Applicant
would have pleaded not guilty but for this deficient advice. Hill v. Lockhart, 474 U.S. 52 (1985). 
If the trial court determines that the State offered six years for these offenses and counsel failed to
timely convey this offer, the trial court shall also determine whether Applicant was prejudiced under
the standard set out in Missouri v. Frye, 132 S. Ct. 1399 (2012). The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. The plea papers and reporter’s
record of Applicant’s guilty plea, if it exists, shall also be forwarded with the supplemental record.
Any extensions of time shall be obtained from this Court.
 
Filed: October 30, 2013
Do not publish